IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PRESTON EASLEY                                :

                              :          CIVIL ACTION

     v.                      :

                              :          No. 14-2699

                              :

CITY OF PHILADELPHIA, SCHOOL           :
DISTRICT OF PHILADELPHIA, RASHINE  :
CORBIN, and SIMON GRATZ HIGH           :
SCHOOL-MASTERY CHARTER                   :

                              :

## MEMORANDUM

**Tucker, C.J.**                                                                    March **2 6**, 2015

       Presently before the Court is Defendants Rashine Corbin and Simon Gratz High School-Mastery Charter's Motion to Dismiss and Plaintiff Preston Easley's Memorandum in Opposition. Upon consideration of the parties' motions, and for the reasons set forth below, the Court will grant Defendants' Motion to Dismiss without prejudice to Plaintiff's right to file an Amended Complaint as to his claims under the Fourteenth Amendment in accordance with this Memorandum.

## I.    Factual Background

       Because the Court writes primarily for the parties, the Court sets forth only those facts that are relevant to its conclusion. On or about May 11, 2012, Defendant Rashine Corbin ("Corbin"), "struck, attacked, kicked, pushed, headbutted, grabbed, [and] assaulted" Plaintiff Preston Easley ("Easley") while Easley was "lawfully upon the premises" of Defendant Simon Gratz High School-Mastery Charter ("Simon Gratz High School"). (*See* Compl. at ¶¶ 11–13.)

Plaintiff Easley is an adult individual and Defendant Corbin was at all relevant times employed as a teacher for Defendant Simon Gratz High School. (*Id.* at ¶¶ 1–5.)

Easley at the time "was unarmed and posed no threat" to Corbin. (*Id.* at ¶ 14.) As a result of Corbin's conduct, Easley suffered severe and disabling injuries, including a broken ankle, bruises, and abrasions. (*Id.* at ¶ 16.) These injuries caused Easley to incur medical expenses, suffer a severe loss of earnings and earnings capacity, and lose the ability to perform and enjoy usual activities of daily living. (*Id.* at ¶¶ 17–20.)

## II.   Relevant Procedural History

On May 9, 2014, Easley filed a Complaint in this Court against Defendants City of Philadelphia, School District of Philadelphia, Corbin, and Simon Gratz High School. Count I of Easley's Complaint asserts claims under 42 U.S.C. §§ 1983 and 1988 for violations of his right to be free from excessive force under the Fourth and Fourteenth Amendments of the Constitution of the United States, Sections Eight and Nine of Article I of the Constitution of the Commonwealth of Pennsylvania, and state and federal laws. Count II states claims under state and federal authorities for conspiracy to harm Easley and deprive him of equal protection of the laws. Count III avers claims under the Fourth and Fourteenth Amendments of the United States Constitution, the Pennsylvania Constitution, and Pennsylvania state law for the excessive use of force, assault, and battery. Count IV alleges claims of false arrest and false imprisonment pursuant to 42 U.S.C. §§ 1983, 1985, and 1988. Count V states a claim for violation of Easley's right to be free from illegal search and seizure under the Fourth Amendment of the United States Constitution. Finally, Count VI of Easley's Complaint asserts a claim for negligence premised on *respondeat superior*.

On June 4, 2014, Defendant City of Philadelphia filed a Motion to Dismiss, which was granted by this Court on July 11, 2014. Defendant School District of Philadelphia likewise filed a Motion to Dismiss on July 9, 2014, which was granted as unopposed on November 4, 2014. On July 7, 2014, remaining Defendants Corbin and Simon Gratz High School (collectively, "the Defendants") filed the instant Motion to Dismiss. Plaintiff Easley then responded with a Memorandum in Opposition on July 21, 2014. The Court's analysis follows.

## III.   Legal Standard

A court may dismiss a plaintiff's complaint under Rule 12(b)(6) only when it does not state a claim for relief that is "plausible on its face." *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). All well-pleaded factual allegations contained in a plaintiff's complaint must be accepted as true and must be interpreted in the light most favorable to the plaintiff. *Argueta v. United States Immigration and Customs Enforcement*, 643 F.3d 60, 74 (3d Cir. 2011). A complaint is plausible on its face when its factual allegations allow a court to draw a reasonable inference that a defendant is liable for the harm alleged. *Santiago v. Warminster Twp.*, 629 F.3d 121, 128 (3d Cir. 2010).

To determine the sufficiency of a complaint, courts of the Third Circuit are required to perform a three-step analysis. *Id.* at 130. First, a court must identify plaintiff's claims and determine the required elements of those claims. *Id.* Next, a court must identify and strike allegations contained in plaintiff's complaint that are, in actuality, conclusions. *Id.* Finally, a court must determine if the remaining factual allegations "plausibly give rise to an entitlement for relief." *Id.*

The focus of a court's inquiry into the sufficiency of a plaintiff's complaint is always plausibility of relief. *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012). This step is "a context-

specific task that requires the reviewing court to draw on its judicial experience and common

sense." *Id.* (quoting *Iqbal*, 556 U.S. at 679). Plausibility does not require a plaintiff's complaint

to demonstrate that entitlement to relief is likely or probable. *Argueta*, 643 F.3d at 72.

A plaintiff's complaint must only plead facts sufficient "to raise a reasonable expectation

that discovery will reveal evidence of the necessary element." *McTernan v. City of York, PA*,

564 F.3d 636, 646 (3d Cir. 2009) (citations omitted) (citing *Phillips v. Cnty. of Allegheny*, 515

F.3d 224, 234 (3d Cir. 2008)). "A complaint may not be dismissed merely because it appears

unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits."

*McTernan*, 564 F.3d at 646 (citing *Phillips*, 515 F.3d at 231).

## IV.    Discussion

### A.    Claims under the Fourth and Fourteenth Amendments

A threshold issue is whether this Court should apply the Fourteenth Amendment

substantive due process shocks the conscience standard or the Fourth Amendment

reasonableness standard. For § 1983 claims alleging "the use of excessive force by public school

officials," the Fourteenth Amendment's shocks the conscience standard applies. *Gottlieb ex rel.*

*Calabria v. Laurel Highlands Sch. Dist.*, 272 F.3d 168, 172 (3d Cir. 2001). Here, though Easley

was not a student, he avers that the Defendant Corbin was a teacher and at all times acted within

the course and scope of his employment. (Compl. at ¶ 8.) Additionally, in his Memorandum in

Opposition to the Defendants' Motion to Dismiss, Easley analyzes this claim under *Gottlieb*'s

shocks the conscience standard. (Pl.'s Mem. in Opp'n 7.) Accordingly, this Court will do so as

well.[1]

---

[1] Because the Third Circuit has ruled that the Fourteenth and not the Fourth Amendment applies in the case of excessive force by a public school official, Easley's Count V fails. *Gottlieb*, 272 F.3d at 172 (citing *Kurilla by Kurilla v. Callahan*, 68 F. Supp. 2d 556, 563 (M.D. Pa. 1999)) ("The momentary use of physical force by a teacher

4

According to the Third Circuit in *Gottlieb*, the following factors are relevant to a determination as to whether excessive force by a public school official violates substantive due process:

> a) Was there a pedagogical justification for the use of force?; b) Was the force utilized excessive to meet the legitimate objective in this situation?; c) Was the force applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm?; and d) Was there a serious injury?

*Gottlieb*, 272 F.3d at 173. Pursuant to *Iqbal*, this Court must review Easley's Complaint and strike legal conclusions and conclusory allegations. *See Santiago*, 629 F.3d at 130. Here, Easley avers that Defendants' conduct was "without legal justification or cause." (Compl. at ¶ 13.) This allegation, however, is a conclusory recital of the first *Gottlieb* factor, so it will not be considered. Easley also alleges that he "was unarmed and posed no threat" to Defendants and that Defendants' conduct "was in no manner due to any act or omission on the part of plaintiff." (Compl. at ¶¶ 14–15.) Aside from the averment that Easley was "unarmed," these allegations are also conclusory and will likewise not be considered.

Crediting Easley's nonconclusory allegations, the Complaint fails to state a claim for plausible relief under *Iqbal*. Easley avers that Defendants "struck, attacked, kicked, pushed, headbutted, grabbed, [and] assaulted" him while he was unarmed and lawfully on the premises of the school, causing him to suffer severe injuries, including a broken ankle. (Compl. at ¶¶ 11–14, 16.) Easley does not allege the factual context underlying Defendants' alleged use of force, which would shed light on Defendants' pedagogical justification and whether Defendants' use of force was excessive to meet a legitimate objective. Depending on the factual context, Easley's

---

in a reaction to a disruptive or unruly student does not effect a (seizure) of the student under the Fourth Amendment, and therefore is a scenario to which the Fourth Amendment does not textually or historically apply.").

5

Fourteenth Amendment substantive due process claim could survive the pleading stage but such context is absent here. Accordingly, this Court will grant Defendants' Motion to Dismiss without prejudice to Easley's right to file an Amended Complaint as to his Fourteenth Amendment claims within fourteen days.

### B.   Monell Claim

In order to state a § 1983 claim for municipal liability, the municipal entity must cause a constitutional violation pursuant to an official policy or governmental custom. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). As explained by the United States Supreme Court:

> [A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.

*Id.* "A government policy or custom can be established in two ways. Policy is made when a 'decisionmaker possess[ing] final authority to establish municipal policy with respect to the action' issues an official proclamation, policy, or edict." *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481 (1986)). "A course of conduct is considered to be a 'custom' when, though not authorized by law, 'such practices of state officials [are] so permanent and well settled' as to virtually constitute law." *Andrews*, 895 F.2d at 1480 (quoting *Monell*, 436 U.S. at 690).

Here, as explained above, Easley has failed to state a plausible claim that his constitutional rights were violated. Easley also fails to allege facts supporting the existence of an official policy, custom, or practice. The fact that Easley was assaulted on one occasion is insufficient to demonstrate the existence of a policy. *See Oklahoma City v. Tuttle*, 471 U.S. 808, 823–24 (1985) (plurality opinion) ("Proof of a single incident of unconstitutional activity is not

6

sufficient to impose liability under *Monell*, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker."). Accordingly, this Court will grant Defendants' Motion to Dismiss as to Easley's *Monell* claim.

**C.     Civil Conspiracy and Conspiracy pursuant to 42 U.S.C. § 1985**

In order to state a civil conspiracy claim under Pennsylvania common law, the following elements must be established: "(1) a combination of two or more persons acting with a common purpose to do an unlawful act or to do a lawful act by unlawful means or for an unlawful purpose; (2) an overt act done in pursuance of the common purpose; and (3) actual legal damage." *Gen. Refractories Co. v. Fireman's Fund Ins. Co.*, 337 F.3d 297, 313 (3d Cir. 2003) (quoting *Strickland v. Univ. of Scranton*, 700 A.2d 979, 987–988 (Pa. Super. Ct. 1997)). Additionally, "an entity cannot conspire with one who acts as its agent." *Gen. Refractories Co.*, 337 F.3d at 313.[2]

Here, Easley alleges that Defendants Corbin and Simon Gratz High School—in the course and scope of their employment relationship—collectively conspired against Easley to deprive him of his constitutional rights. (Compl. at ¶ 29.) Crediting this allegation, Easley fails to state a claim for conspiracy because Defendant Corbin was acting within the course and scope of his employment with Defendant Simon Gratz High School. Because Defendant Corbin was acting as Defendant Simon Gratz High School's agent, Defendant's Motion to Dismiss is granted to the extent that Easley alleges a claim for civil conspiracy.

---

[2] An exception exists "when the employees have acted for their sole personal benefit." *Gen. Refractories Co.*, 337 F.3d at 313. Easley has not argued that this exception applies.

7

In order to state a claim under § 1985, "a plaintiff must allege both that the conspiracy was motivated by discriminatory animus against an identifiable class and that the discrimination against the identifiable class was invidious." *Farber v. City of Paterson*, 440 F.3d 131, 135 (3d Cir. 2006). Here, this claim fails because Easley did not allege that Defendants' conduct was motivated by discriminatory animus. This claim also fails for the same reason as Easley's civil conspiracy claim provided above.

Accordingly, Defendants' Motion to Dismiss is granted as to Easley's civil conspiracy and § 1985 claims.

### D.     Claims under the Pennsylvania Constitution

"The Supreme Court of Pennsylvania has not ruled on the issue of whether there is a private cause of action for damages under the state constitution, and the federal courts in this Circuit . . . have concluded that there is no such right under the Pennsylvania Constitution." *Ryan v. Gen. Mach. Products*, 277 F. Supp. 2d 585, 595 (E.D. Pa. 2003) (collecting cases). This Court agrees with the federal courts in this Circuit that no such right exists. Accordingly, Defendants' Motion to Dismiss is granted to the extent that Easley alleges violations of the Pennsylvania Constitution.

### E.     Remaining Claims

Easley asserts claims sounding in tort against Defendants Corbin and Simon Gratz High School, including negligence and an assortment of intentional torts. Defendants argue that they are immune from these torts pursuant to the Tort Claims Act. 42 Pa. Cons. Stat. § 8541. Easley does not respond to this argument. The Tort Claims Act provides, "Except as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or

8

any other person." 42 Pa. Cons. Stat. § 8541.[3]  Additionally, Pennsylvania's Charter School Law

provides that "[f]or purposes of tort liability, employes of the charter school shall be considered

public employes and the board of trustees shall be considered the public employer in the same

manner as political subdivisions and local agencies." 24 P.S. § 17–1727–A.[4]

Construing these statutes together, the Commonwealth Court of Pennsylvania concluded

that the Charter School Law "does intend to grant immunity to charter schools in the same

manner as political subdivisions and local agencies." *Warner ex rel. Warner v. Lawrence*, 900

A.2d 980, 985 (Pa. Commw. Ct. 2006).  This Court agrees.  The Defendants Simon Gratz High

School and Corbin—as a charter school and employee of a charter school—are entitled to the

same immunity under the Tort Claims Act afforded to local agencies and their employees. *See*

24 P.S. § 17–1727–A; 42 Pa. Cons. Stat. §§ 8541–8549.  Accordingly, Defendants' Motion to

Dismiss is granted as to Easley's state law claims for negligence, assault, battery, false arrest,

and false imprisonment.[5]

Easley's claims for false arrest and false imprisonment fail for the additional reason that

they do not state a plausible claim for relief.  Under Pennsylvania state tort law, a false arrest is

"1) an arrest made without probable cause or 2) an arrest made by a person without privilege to

do so." *McGriff v. Vidovich*, 699 A.2d 797, 799 n.3 (Pa. Commw. Ct. 1997).  The Pennsylvania

Supreme Court has explained that "one who confines another, while purporting to act by

---

[3] The Act provides exceptions for certain negligence claims.  42 Pa. Cons. Stat. § 8542(b).  Easley has not argued that any of these exceptions apply.

[4] A "charter school" is defined by the Charter School Law as "an independent public school established and operated under a charter from the local board of school directors and in which students are enrolled or attend." 24 P.S. § 17–1703–A.  Such a school "must be organized as a public, nonprofit corporation." *Id.*

[5] Easley's Complaint states a negligence claim pursuant to §§ 1983, 1985, and 1988.  Such a claim fails as Easley makes no factual allegations regarding the Defendants' behavior that could be described as negligent.  Easley's contentions that Corbin "struck, attacked, kicked, pushed, headbutted, grabbed, [and] assaulted" Easley, all sound as intentional torts.

9

authority of law which does not in fact exist, makes a false arrest." *Gagliardi v. Lynn*, 285 A.2d 109, 111 (Pa. 1971). Here, Easley has not alleged any facts indicating that Defendants were acting under the authority of law.

In Pennsylvania, "[t]he elements of false imprisonment are (1) the detention of another person, and (2) the unlawfulness of such detention." *Renk v. City of Pittsburgh*, 641 A.2d 289, 293 (Pa. 1994). "Additionally, Plaintiff must make some request to leave, which request is denied by the defendant." *Pennoyer v. Marriott Hotel Servs., Inc.*, 324 F. Supp. 2d 614, 620 (E.D. Pa. 2004). Here, Easley has not alleged any facts indicating that he was detained, nor has he alleged facts indicating that he made an unsuccessful request to leave.

Moreover, Easley states no facts from which this Court may decipher whether the events in question took place without the existence of probable cause. *Murphy v. Bendig*, 232 Fed. Appx. 150, 153 (3d Cir. 2007) (stating that a finding of both false arrest and false imprisonment under § 1983 and Pennsylvania law require a lack of probable cause); *see also Sheedy v. City of Philadelphia*, 184 F. App'x 282, 284 (3d. Cir. 2006) (stating that probable cause defeats claims for false arrest and false imprisonment). Accordingly, Defendants' Motion to Dismiss is granted as to Easley's claims for false arrest and false imprisonment.

## V.    Conclusion

For the reasons set forth above, the Court grants Defendants' Motion to Dismiss without prejudice to Easley's right to amend his Complaint in accordance with this Memorandum. An appropriate order follows.